UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



Eugene Scalia, Secretary of Labor,
United States Department of Labor,

      Petitioner,

      v.

Zetti's Maple, Inc., d/b/a Zetti's Pizza &
Pasta, and John Fusco, as an
individual,

      Respondents.

20-mc-11 (JLS)

## DECISION AND ORDER

As part of the United States Department of Labor's efforts to investigate compliance with the Fair Labor Standards Act of 1938, 29 U.S.C. 201 et seq., its Wage and Hour Division served an administrative subpoena *duces tecum* on Zetti's Maple, Inc., d/b/a Zetti's Pizza & Pasta (a single-location restaurant), and John Fusco, as an individual (owner) (collectively, "Respondents"). Subsequently, Secretary of Labor Eugene Scalia ("the Secretary") moved to compel Respondents' compliance with that Subpoena. The Court granted that motion. Compliance did not occur. Thus, the Court now grants, in part and as set forth below, the Secretary's motion for adjudication of civil contempt.

    **I.  Background**

The Secretary of Labor initiated this case on April 8, 2020 as part of ongoing efforts to investigate Respondents' compliance with the FLSA. Specifically, the

Secretary moved to compel compliance with the administrative subpoena *duces tecum* served on Respondents on December 5, 2019 (the "Subpoena"), and to toll the statute of limitations set forth at 29 U.S.C. § 255. Dkts. 1-5.

Respondents did not appear. *See* Dkts. 7, 8. On July 27, 2020, the Court granted the motion to compel, directing Respondents to comply with the Subpoena by August 17, 2020, and tolling the applicable statute of limitations from the Subpoena return date (December 19, 2019) until the date on which Respondents fully complied with it. Dkt. 8.

On November 25, 2020, the Secretary moved for sanctions based on Respondents' noncompliance. Dkt. 9. Specifically, the Secretary requested that the Court hold Respondents in contempt of the Court's July 27, 2020 Order and require Respondents "to pay the Secretary's attorney's fees and a penalty of $250.00 for each day Respondents continue in contempt of the July 27, 2020 Order." *Id.* at 1.

Counsel for the Secretary at the Office of the Solicitor maintains that "Respondents have failed to comply in any manner with the Court's July 27, 2020 Order. Respondents have not produced any further records . . . nor have they given DOL any information indicating that they are unable to do so." Dkt. 9-2 (Harris Decl.), at 2 ¶ 6. On July 23, 2020, an attorney who indicated that he was "retained by Respondents to assist in this matter" emailed counsel for the Secretary. *Id.* at 2 ¶ 7. He provided "a New York State Department of Taxation and Finance power of attorney form," signed by Respondent Fusco, that identified him as "a

2

representative of Zetti's Maple, Inc." *Id.* at 2 ¶ 8. The attorney requested additional time to comply, but did not suggest a timeframe. *Id.* at 2 ¶ 7.

On July 27, 2020, the Court directed Respondents to comply with the Subpoena by August 17, 2020. Dkt. 8. After the August 17 deadline had passed, Counsel for the Secretary maintains that she emailed Respondents' attorney[1] twice more. First, she notified him that "Respondents would have until September 2, 2020 before the Secretary pursued further legal action." Dkt. 9-2 (Harris Decl.) at 2-3 ¶ 10. Then, at the request of Respondents' attorney, she provided "clarification on which records had been provided" and asked him to contact her if he needed more information. *Id.* at 3 ¶ 11-12. She has not heard from "anyone representing Respondents since August 26, 2020." *Id.* at 3 ¶ 13. As of the date of the Secretary's motion, Respondents have not provided "any portion of the records that were absent when the Secretary filed the motion to compel on April 8, 2020, nor have Respondents indicated that they are unable to comply with the Subpoena or this Court's July 27, 2020 Order." *See id.* at 3 ¶¶13-14; *see also* Dkt. 9-3 at 3-4.

Following the motion for sanctions, the Court set a briefing schedule and status conference, notice of which the Secretary served on Respondents. Dkts. 10-11. Respondents neither submitted opposition briefing nor appeared for the status

---

[1] The Court refers to this individual as Respondents' attorney based upon the Secretary's motion papers. However, no attorney has entered a notice of appearance on behalf of Respondents. This Court makes no conclusions about the attorney's potential representation of Respondents and describes him only to the extent it provides context into Respondents' compliance with this Court's Order.

3

conference. Dkt. 12. At the status conference, the Secretary advised that it had not received any records or communication from Respondents. *Id.*

## II. Contempt Motion

A court may hold a party in contempt "if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) (citation omitted). Although a hearing ordinarily is required before a court may award civil contempt sanctions, no hearing is required "where there are no material facts in dispute." *See Sulzer Mixpac USA, Inc. v. Shanghai NSJ Hardware Ltd.*, No. 09 Civ. 9705(DAB)(GWG), 2013 WL 5997707, at *3 (S.D.N.Y. Nov. 13, 2013) (citation and quotations omitted) ("Because [Defendant] has not appeared in this action to dispute the facts proffered by [Plaintiffs] in support of the motion for sanctions, no hearing is required."), *report and recommendation adopted by* 2014 WL 793086 (S.D.N.Y. Feb. 25, 2014); *see also* W.D.N.Y. Local Rule 83.4(b) ("If the alleged contemnor puts in issue the alleged misconduct or the damages thereby occasioned, they shall upon demand be entitled to have oral evidence taken on the issues . . . .").

Each factor is met. The Court's July 27, 2020 Text Order was clear that "Respondents Zetti's Maple, Inc., d/b/a Zetti's Pizza & Pasta, and John Fusco are directed to comply with the December 5, 2019 Administrative Subpoena *Duces Tecum* by 8/17/2020." Dkt. 8. Respondents failed to comply with this unambiguous

4

directive, even in part. Indeed, it is undisputed on this record that "Respondents have not produced any records in response to the Court's July 27, 2020 order." *See* Dkt. 9-3, at 6; *see also* Dkt. 9-1 (Schneider Decl.), at 2-3 ¶¶ 6-7; Dkt. 9-2 (Harris Decl.), at 3 ¶¶ 13-14.

In addition, the Secretary's proof of noncompliance is clear and convincing. The Secretary has submitted declarations from its counsel and from an investigator in the Wage and Hour Division, both of whom attest to Respondents' failure to provide the documents requested in the Subpoena. *See generally* Dkt. 9-1 (Schneider Decl.); Dkt. 9-2 (Harris Decl.). Moreover, Respondents received notice of the motion to compel, the Court's July 27, 2020 Order, the Court's January 6, 2021 status conference, and the motion for sanctions. *See, e.g.*, Dkts. 6, 11. Despite such notice, Respondents have not appeared and have not disputed the Secretary's positions. Indeed, because the motion for sanctions is unopposed, there are no material facts in dispute, and a hearing is not necessary. *See Sulzer Mixpac USA, Inc.*, 2013 WL 5997707, at *3; *see also* W.D.N.Y. Local Rule 83.4(b). For these reasons, too, the Court cannot conclude that Respondents "diligently attempted to comply in a reasonable manner" with the July 27, 2020 directive. *CBS Broad. Inc.*, 814 F.3d at 98. Their counsel's sporadic email communication with counsel for the Secretary does not convince the Court otherwise.

### III. Contempt Sanction

Civil contempt sanctions "have two purposes: to coerce compliance with a court order and to compensate a plaintiff." *CBS Broad. Inc.*, 814 F.3d at 101

(citation omitted). The former is relevant here.[2] When "the purpose is coercive, the district court has broad discretion to design a remedy that will bring about compliance." *Perfect Fit Indus., Inc. v. Acme Quilting Co., Inc.*, 673 F.2d 53, 57 (2d Cir. 1982) (citation omitted).

In exercising that discretion, courts consider the "character and magnitude of the harm threatened by continued contumacy," the "probable effectiveness" of the sanction in generating compliance, and the contemnor's "financial resources and the consequent seriousness of the burden." *Id.* (citations and quotations omitted). The "overriding consideration is whether the coercive fine [is] reasonably set in relation to the facts and [is] not arbitrary." *Id.* In addition, a "hallmark" of coercive sanctions is the contemnor's ability to purge the contempt. *CBS Broad. Inc.*, 814 F.3d at 101 (citing *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 828 (1994)). The imposition of a fine following a finding of contempt is civil where the contemnor has a "subsequent opportunity to reduce or avoid the fine through compliance." *Bagwell*, 512 U.S. at 829 (citation omitted).

In order to coerce future compliance, the Secretary asks the Court to impose a "modest penalty of $250.00 per day" on Respondents, beginning the date of this Decision and Order, until they reach full compliance. Dkt. 9-3, at 9. The extent of Respondents' ability to pay is unclear given their "failure to provide records or

---

[2] The Court denies without prejudice the Secretary's request that Respondents bear its attorney's fees. Dkt. 9-3, at 7-9. The Court indicated at the status conference on January 6, 2021 that it was not inclined to grant that request on the record before it. Dkt. 12.

meaningfully communicate with the DOL" and their failure to appear.[3] *Id.* Nonetheless, the Court concludes that a daily penalty of $200.00 is a reasonable means of enforcing Respondents' future compliance with the July 27, 2020 Order and is not unduly burdensome or otherwise punitive under these circumstances. *See Sec'y, Dep't of Labor v. River Ranch Bar & Grille, LLC*, No. 5:17-cv-94-Oc-30PRL, 2018 WL 2074161, at *3 (M.D. Fla. Apr. 13, 2018) (recommending that defendants, a restaurant and its owner who failed to appear in an FLSA case initiated by the Secretary of the Department of Labor, pay a daily fine of $500.00 until the contempt is purged), *report and recommendation adopted by* 2018 WL 2011372 (M.D. Fla. Apr. 30, 2018).

Moreover, Respondents have the "ability to forestall or end any accumulation of fines simply by complying with the [July 27, 2020] Order." *Perfect Fit Ind., Inc.*, 673 F.2d at 57. As set forth below, Respondents shall have 21 days from the date of this Decision and Order to comply with this Court's July 27, 2020 Order. If Respondents fail to comply by the end of the 21-day timeframe, Respondents shall then be assessed a civil penalty of $200.00 per day thereafter, until they have complied with the Court's July 27, 2020 Order.

## ORDER

Upon consideration of the Secretary of Labor's November 25, 2020 Motion for Adjudication of Civil Contempt, following an opportunity for all parties to be heard,

---

[3] There is some indication in the record that Respondent Zetti's made approximately $1.7 million in sales for one or two recent years. Dkt. 3 (Schneider Decl.), at 5 ¶ 20.

and for good cause shown, it is hereby ORDERED that the Secretary of Labor's Motion is GRANTED in part. Respondents, Zetti's Maple, Inc., d/b/a Zetti's Pizza & Pasta, and John Fusco, are each held in contempt of this Court's July 27, 2020 Order compelling production of records in response to an administrative subpoena *duces tecum*.

It is further ORDERED that Respondents shall comply with this Court's July 27, 2020 Order within 21 days of the date of this Decision and Order. If Respondents fail to comply by the end of the 21-day timeframe, Respondents shall then be assessed a civil penalty of $200.00 per day thereafter, until they have complied with the Court's July 27, 2020 Order. The fine will cease to be assessed on the date when Respondents provide to the Secretary of Labor, via delivery to the United States Department of Labor, Wage and Hour Division, Buffalo Area Office, 130 S. Elmwood Avenue, Room 534, Buffalo, New York 14202, the records listed below. <u>For the period November 25, 2016 to present (unless otherwise noted), Respondents are to provide the following</u>:

(1) State and federal tax filings and all other documents reflecting gross annual dollar volume of sales for the years 2016 through 2019;

(2) Any leasing or franchising agreements, including documents reflecting any other locations where Zetti's does business;

(3) Documents reflecting the full names of all current and former employees, with their addresses, phone numbers, hourly rates of pay or salaries,

descriptive job titles, work schedules, and whether Zetti's considers each employee to be exempt from overtime pay;

(4) All records of hours actually worked by employees or independent contractors (in whatever form available);

(5) All payroll records (except those records provided on November 27, 2019 for 58 of the 156 weeks requested at the time), including records of cash payments;

(6) All documents reflecting the form of wage payment to employees (e.g. cash, check, or combination); and

(7) Documents reflecting the birth dates for all employees under the age of 18.

The penalty of $200.00 per day will continue to be assessed until Respondents submit certification to this Court, on notice and copy to the Secretary of Labor (via electronic mail to harris.megan.j@dol.gov), that a complete set of records were provided to the Department of Labor in compliance with the Court's July 27, 2020 Order. On the date, as determined by this Court, that Respondents have completed compliance with the July 27, 2020 Order and provided the records listed above, the daily civil penalty will cease and an order for Respondents to pay the total amount accrued up to that date will be issued.

9

It is further ORDERED that the Secretary shall serve this Decision and Order on Respondents within five days of the date of this Decision and Order and, by that date, shall also file proof of service.

SO ORDERED.

Dated:   January 27, 2021
         Buffalo New York

                                    _____
                                    JOHN L. SINATRA, JR.
                                    UNITED STATES DISTRICT JUDGE